THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
ANTONIO ANDOLORO, PLAINTIFF IN ERROR.

Argued October 7, 1930—Decided May 20, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the plaintiff in error, *William A. Kavanagh.*

For the defendant in error, *John Drewen,* prosecutor of
the pleas.

The opinion of the court was delivered by

TRENCHARD, J.  Antonio Andoloro (hereinafter referred
to as the defendant) was convicted in the Hudson County

Quarter Sessions Court of carnal abuse of Anna Gregory, his niece, a child of the age of fourteen years.

The case comes up on bills of exception and on specifications of causes for reversal on the entire record of the proceedings had upon the trial under section 136 of the Criminal Procedure act. *Comp. Stat., p.* 1863.

The indictment was found on June 24th, 1927, and averred that the offense was committed on September 26th, 1926. No other date was specified in the indictment, and the court charged in effect that a conviction would be justified upon proof that the offense was committed on that date or on a day within the period fixed by the statute of limitations. No complaint is made of that instruction. Hence it appears that the contention, which seems to run like a thread through the defendant's argument, that he was charged and convicted of an offense barred by the two-year statute of limitations, is ill-founded in fact.

At the trial it appeared that the defendant lived with the Gregory family in their apartment in Hoboken. Anna Gregory and her mother both testified that she was fourteen years of age at the time of the offense charged in the indictment. The defendant contends that was not competent proof. That contention is ill-founded in law. The rule is that, on the trial of an indictment for carnal abuse of a female under the age of sixteen years, she and her mother are both competent witnesses to prove the fact of her age at the time of the commission of the offense. *State* v. *Calabrese,* 99 *N. J. L.* 312. The probative value of such testimony is for the jury to pass upon. *State* v. *Girone,* 91 *Id.* 498.

It further appeared at the trial, and was admitted, that the defendant was twenty-four years old at the time of the offense charged in the indictment.

The complaining witness, Anna Gregory, testified that the defendant had sexual intercourse with her "about September 26th, 1926" (the date charged in the indictment). She further testified, "I think it was on Thursday."

The defendant argues that the court erred in refusing to strike out, and to direct the jury to disregard, other testimony

of the complaining witness that the defendant had sexual intercourse with her on January 28th, 1925. Neither the assignments of error nor the specifications of causes for reversal set forth the question and answer complained of. But in his brief the defendant refers us to page 24 of the state of the case. Looking there we find that, replying to questions put by counsel for the defendant on cross-examination, she testified responsively that in 1925 the defendant had sexual intercourse with her for the first time, and that it was "about the last of January."

Numerous reasons might be given why this contention cannot result in reversal, but we prefer to deal with it upon this broad ground: Such testimony was proper, for we have held that on an indictment for carnal abuse alleging the offense to have been committed on a certain date, previous similar acts by and between the same parties may properly be given in evidence. *State* v. *Faulks,* 97 *N. J. L.* 408. And later, Chancellor Walker, speaking for the Court of Errors and Appeals, in *State* v. *Lanto,* 99 *Id.* 94 (a case like the present), said:

"In *State* v. *Raymond,* 53 *N. J. L.* 260, it is laid down that whenever defendant's guilt of an extraneous crime tends to prove against him some particular element of the crime for which he is being tried, such guilt may be shown. The commission of the sexual act in one or more instances, we think, tends to prove it in another instance, and our cases so decide. In *State* v. *Snover,* 65 *Id.* 289, this court held that in prosecutions for adultery, evidence of prior offenses of like character between the same parties is admissible, although it may be shown that the accused was guilty of an extraneous offense. To the same effect are *State* v. *Jackson,* 65 *Id.* 62; *State* v. *Cannon,* 72 *Id.* 46; *State* v. *Girone, supra; State* v. *Faulkes, supra.* The three latter cases concern carnal abuse. These are all cases where the criminal acts were between the same parties."

Defendant also contends that the court erred in limiting the cross-examination of the complaining witness. Not so. The record shows that the only basis for this contention is the fact that the judge sustained an objection to a question

which had been fully and responsively answered repeatedly. That was not erroneous. *Daggett* v. *North Jersey Street Railway Co.,* 75 *N. J. L.* 630. In such situations the trial court has the power to interfere, and should exercise such power, in the interest of orderly and expeditious trials.

Defendant also complains of the admission in evidence of certain letters which the evidence tended to show were in the handwriting of the defendant. But the record shows that immediately following their admission they were stricken from the record as illegal, on motion of the defendant, and the jury was instructed to disregard them.

Assuming, without deciding, that the admission in evidence of the letters was erroneous, it cannot justify a reversal, for it clearly appears that the letters so illegally admitted were so eradicated from the case that their admission could not have injuriously affected the defendant.

The defendant also contends that the court erred in refusing to direct an acquittal of the defendant. Not so. The only ground stated in support of the motion not already herein disposed of adversely to defendant's contention, is that the allegations of the indictment "are in nowise supported by the evidence." But that is not so. Under this latter head it is argued that the testimony of the complaining witness was not corroborated.

We incline to think the contention is untrue in fact. We believe that the testimony of the physician as well as the testimony of the defendant himself, was such as served to strengthen the testimony of the complaining witness, tending to show that it was probably true and naturally, reasonably and properly impressed the jury with a belief in its truth. But whether so or not corroboration of the complaining witness was not legally essential to a conviction. See cases collected in 33 *Cyc.* 1495.

We have examined with care the entire record and find that the verdict was not against the weight of the evidence.

We believe we have thus in effect disposed of all the assignments of error and specifications of causes for reversal properly assigned or specified, and argued by the defendant.

The judgment will be affirmed.