STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. IRV-
ING R. HARRIS, ROSE WILPON AND JULIUS WILPON,
PLAINTIFFS IN ERROR.

Argued October 6, 1936—Decided November 4, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
PERSKIE.

For the defendant in error, *William A. Wachenfeld,* prose-
cutor of the pleas; *Joseph E. Conlon,* first assistant prosecu-
tor, and *Leon W. Kapp,* assistant prosecutor.

For the plaintiffs in error, *Harry J. Weiner (George T.
Vickers,* of counsel).

BROGAN, CHIEF JUSTICE.   The plaintiffs in error, Rose
Wilpon, Julius Wilpon, her husband, and Irving R. Harris,
a member of the bar of this state, were indicted and convicted
of an attempt to obtain money by false pretenses.

The facts of the case are that Mrs. Wilpon met with an
accident on the premises where she lived, in the city of Eliza-
beth.   She retained as her attorney plaintiff in error Harris,
who instituted an action at law, alleging that the injuries
sustained by Mrs. Wilpon were caused by a defect in a con-
crete step leading to the porch of the house in which she lived.

The state produced evidence tending to prove that Mrs.
Wilpon did not meet with the accident, as was alleged in the
complaint, and that all three plaintiffs in error had, since the
accident, endeavored to persuade certain persons to make

false statements concerning the accident and had succeeded in getting some of them to do so. The defense was a general denial.

Five of the list of assigned errors are urged for a reversal of the conviction. The first is that there was no proof that Mrs. Wilpon did not receive her injuries as she alleged. We cannot agree with this contention. Sufficient evidence was presented by the state to make this element of the case a question for the jury. In detail, we find proof to support the conclusion that Mrs. Wilpon did not fall on or from the step in question. There is also ample evidence to corroborate the necessary element of the case that Harris and Julius Wilpon knew or believed that Mrs. Wilpon did not meet with the accident as the complaint in the suit for damages alleged. The record before us discloses that all three defendants endeavored to persuade some witnesses, and succeeded in persuading others, to make false statements as to where Mrs. Wilpon's fall occurred, for the purpose of fastening liability on the owner of the premises.

One witness, Mrs. Bazyelo, speaking of the happening of the accident, testified that Mrs. Wilpon was walking backward towards the porch at the time of the accident, pulling a "baby-walker" or "kiddie car" containing her child. This witness had given a written statement to that effect to one Irving Rosenthal, an investigator for Harris, and she testified that later Harris asked her to change the statement she had made. She refused to do so. It also appears that Harris endeavored to have another prospective witness make statement of a set of facts helpful to Mrs. Wilpon's claim, when in fact that person did not see the accident happen.

Another witness, Picerno, who was selling ice in the neighborhood at the time of the accident, was importuned by plaintiffs in error to change his statement of the facts and to say that Mrs. Wilpon fell on the concrete step or from it. Still another witness, Rose Durante Smith, testified that Harris got her to swear to a statement written out by him as to the manner in which the accident occurred, when in fact she did not see the accident happen. Other proof of like character was adduced.

Under the indictment, we think that the state, in order to make out a *prima facie* case, had the burden of showing that the injury to Mrs. Wilpon was not caused by the defective concrete step; that the defendants, knowing this, endeavored to persuade prospective witnesses to misstate the situation in order to fasten liability on the owner of the premises, and this burden the state discharged.

It is next argued that it was error for the court to exclude testimony as to the condition of the concrete step prior to Mrs. Wilpon's accident. This contention we find to be contrary to the facts. The witness, Elizabeth Blumenthal, was permitted to testify on direct examination as to the condition of the step in question on the day of the happening, both before and after the accident.

The third argument made is that it was error to permit the state to elicit from a defense witness conversation had with others outside of the presence of the defendants. This testimony, however, was struck out by the court and the jury was instructed to disregard it. There was no error here. *State* v. *Andoloro*, 108 *N. J. L.* 47; 154 *Atl. Rep.* 819; *State* v. *Danser*, 116 *N. J. L.* 487; 184 *Atl. Rep.* 800.

It is next argued that the court fell into reversible error in its charge to the jury as to the burden of proof. The argument of the plaintiffs in error is that the language complained of put the burden upon the defense to prove beyond reasonable doubt that Mrs. Wilpon received the injuries in the manner which she claimed. Standing alone, this language of the charge would not be without fault. The charge, however, considered as a whole, in our judgment, made it plain to the jury that the defendants were presumed to be innocent until found guilty beyond reasonable doubt and that the obligation of proving the charge beyond reasonable doubt rested upon the state.

The last point made is that the court fell into error in charging the jury as to the effect to be given to the testimony of character witnesses. In this case evidence of the good reputation of the defendant Harris was introduced. It is argued that it was error for the court to have said to the jury, "if you have a reasonable doubt, no matter by what testimony

that doubt may be engendered, whether it be the testimony of witnesses to conversation or whether it be the testimony of character witnesses who have testified to the reputation of the defendants—and there has been such testimony and it of course should be considered and given its proper weight—if after consideration of all the evidence in the case you have reasonable doubt as to the guilt of the defendants or any of them, they should be acquitted."

The gist of the argument is that no character witnesses were produced for the defendants Mr. and Mrs. Wilpon, but for Harris only, and that the judge's charge was confusing, referring, as it is argued, to the defendants generally. We perceive no error here. The court was stating a general rule and speaking in the abstract, and we cannot conceive that the jury was misled.

The judgment is affirmed.